JOSEPH WEBSTER,

*vs.*

FRANCIS HOPKINS AND JOHN DEAKYNE.

*New Castle, April T.* 1819.

Objections to the competency of a witness must be made by articles filed, according to the rule of court, and cannot be taken at the hearing.

BILL IN EQUITY—OBJECTION TO COMPETENCY OF A WITNESS.—At the hearing of this cause before the Chancellor the deposition of Evan Webster, a witness for the complainant, being offered in evidence was objected to, upon the ground that the witness was the surety in an injunction bond which had been taken in a cause between the same parties, wherein the present defendants were the complainants seeking to restrain the collection of a judgment held against them by the present complainant. The validity of the judgment was a question involved in this suit, the result of the other suit depending upon the result of this one.

*McLane* and *Rodney,* for the complainants.

According to the rule of court,* articles should have been filed to the competency of the witness. He might then have been released; or, as in the case of special bail, the bond here might have been annulled, and another bond given by the complainant with other surety. The rule is positive, that articles must be filed to the competency of a witness or an objection to his testimony cannot prevail. See also 12 *Ves. Jr.* 406.

*Rule VII, at that time. The corresponding rules at present are Nos. 39 and 44.

*Van Dyke* and *Black*, for the defendants.

Articles are not necessary in this case. The objection is apparent on the face of the proceedings. The records of the court show that the witness is interested, the bond being taken and filed here. The objection appearing on the record is notice, and the case is an exception to the spirit and intention of the rule. Besides, the witness cannot be discharged from the bond like special bail.* Here, in certain events, he is bound to pay the money; the obligation of special bail is only to have the body of the principal forthcoming.

RIDGELY, CHANCELLOR.—This rule was made, I believe, on some objection being taken either to the competency of a witness, or to the regularity of some proceeding, or to some other matter apparent on the face of the proceedings. The design was to settle the question and prevent any controversy on the subject. Although the objection appears, it was not certain that the party would make it. It may afterwards happen that the testimony of a witness taken on one side, may be desired on the other, although the witness is interested; and as it rests entirely in the breast of the defendant whether to object or not, he ought to file his articles, if he intends to insist on the incompetency of the witness. A witness may sometimes be released, or his testimony be made competent, upon notice of the objection by articles.

The deposition may be read.

---

*Held *contra* in Hall vs. Livingston and Stutzer, in Kent, at March T. 1870, to be reported in a subsequent volume.